Jay K. Chien, SBN 251343
Amrane Cohen, Chapter 13 Trustee
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
e-mail: efile@ch13ac.com

United States Bankruptcy Court

Central District of California – Santa Ana Division

| | |
|---|---|
| In re: | Chapter 13 |
| Sardar Irtiza Mahmood, | Case No.: 8:23-bk-12466-MH |
| Debtor(s). | **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL** |
| | Date:    1/25/2024<br>Time:    10:30 AM<br>Courtroom: 6C<br>Location:  411 W. 4th St., Santa Ana, CA 92701 |

  Amrane Cohen, Chapter 13 Trustee, ("Trustee") objects to confirmation of Debtor's proposed chapter 13 plan. The confirmation hearing is currently set on the date, time, and location indicated above.

  Notice is hereby given that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.

  The current plan was filed on 11/22/23.

//

//

//

**Trustee's objections to confirmation are based on the following grounds:**

1. **Debtor is not current on plan payments required pursuant to 11 U.S.C § 1326(a).**
   a. Delinquent plan payments totaling $6,360 will be due by the confirmation hearing date.

2. **The Debtor has failed to file the following mandatory court forms required pursuant to LBR 9011-1(b)(2):**
   a. **Declaration regarding post-petition mortgage and personal property payments:** Form F 3015-1.4.DEC.PRECONF.PYMTS, Declaration Setting Forth Postpetition, Preconfirmation Payments on: 1) Deeds of Trust Payments [or Mortgages]; 2) Leasese on Personal Property: 3) Purchase Money Security Liens on Personal Property [LBR 3015-1(e) and LBR 3015-1(m)] MANDATORY.

3. **The Debtor has failed to provide the Trustee with the following documents requested for the 341(a) Meeting of Creditors:**
   a. Trustee has not received copies of Debtor's proof of income requested by the Trustee pursuant to 11 U.S.C § 521(a)(1)(B)(iv)-(vi), 11 U.S.C § 521(a)(3) and (4), and LBR 3015-1(c)(3).
   b. Trustee has not received copies of Debtor's federal and state income tax returns requested by the Trustee pursuant to 11 U.S.C § 521(a)(3) and (4), 11 U.S.C § 521 (e)(2)(A)(i) and (B), and LBR 3015-1(c)(3). 21 state

4. **The plan does not sufficiently provide for the allowed amount(s) of secured claims in the case required pursuant to 11 U.S.C § 1325(a)(5)(B)(ii).**
   a. Creditor Technology CU has filed court proof of claim #3 indicating a secured vehicle claim of $62,845.40. Debtor's chapter 13 plan only provides for a lesser estimated secured amount of $53,000.00.

5. **The plan does not sufficiently provide for the full payment of all claims entitled to priority in the case required pursuant to 11 U.S.C § 1322(a)(2).**

      a. Creditor Westlake Portfolio Management has filed court proof of claim #4 indicating a lease claim with arrears of $58,144.30. Debtor's chapter 13 plan does not provide for this claim.

6. **Trustee submits that Debtor's extreme delinquency in mortgage arrears warrants that Debtor should be required to make conduit payments for on-going mortgage payments rather than be allowed to act as the post-petition disbursement agent in the case.** Payments made by a debtor directly to a creditor are payments under the Plan. "[A] chapter 13 debtor's direct payments to creditors, if provided for in the plan, are 'payments under the plan'" In re Mrdutt, 600 B.R. 72, 81 (9th Cir. BAP 2019). While Mrdutt discussed § 1328 and § 1329, the court found no material difference in the use of the term "under the plan" for the purposes of these provisions. Id. Likewise, no such material difference exists in the application of that term in § 1326(a) and (c). The provisions of the Bankruptcy Code by default require that the Trustee be the disbursing agent for all payments to be made under the Plan, unless the Plan or order confirming the Plan otherwise provide, or the Court orders otherwise. 11 U.S.C. § 1326(a) and (c). "[11 U.S.C.] § 1326[(c)] also 'makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor.'" Matter of Foster, 670 F.2d 478, 486 (5th Cir. 1982). The Plan must provide for submission of all or such portion of future earnings to the supervision and control of the Trustee as necessary for the execution of the Plan. 11 U.S.C. § 1322(a)(1). Debtor must submit to the Trustee funds necessary to make payments under the Plan unless the Court orders otherwise. 11 U.S.C. § 1326(a)(1). The Trustee shall make payments to creditors under the Plan unless otherwise provided in the Plan or the order confirming the Plan. 11 U.S.C. § 1326(c). The Plan must comply with the provisions of chapter 13, which includes §§ 1322 and 1326. 11 U.S.C. § 1325(a)(1). The debtor bears the burden of proving that each element of plan confirmation is met. In re Chinichian, 784 F. 2d 1440, 1444

(9th Cir. 1986).  The burden is on the debtor to establish that they should be the disbursing agent.  Debtors do not have an absolute right to make direct payments to creditors on unimpaired claims.  <u>In re Giesbrecht</u>, 429 B.R. 682, 690 (9th Cir. BAP 2010).  "[B]ankruptcy courts have been afforded the discretion to make the determination of when direct payments may or may not be appropriate based upon the confirmation requirements of § 1325, policy reasons, and the factors set forth by case law, local rules or guidelines."  <u>Giesbrecht</u>, at 690 (<u>citing</u> <u>In re Lopez</u>, 372 B.R. 40, 46 (9th Cir. BAP 2007).  Several courts have set forth various factors for determining when direct payments may or may not be appropriate.  <u>See</u> <u>In re Perez</u>, 339 B.R. 385, 409 (S.D. Tex. 2007)(citing twenty-one factors culled from various cases); <u>In re Pianowski</u>, 92 B.R. 225, 233-34 (Bankr. W. D. Mich. 1988)(enumerating thirteen factors); <u>In re Miles</u>, 415 B.R. 108, 116 (stating nine factors); <u>In re Barber</u>, 191 B.R. 879, 885 (D. Kan. 1996)(enumerating three factors); <u>In re Bettger</u>, 105 B.R. 607 (Bankr. D. Or. 1989)(enumerating eight factors).

   a. Here, Trustee submits that Debtor's circumstances indicate that Trustee is better suited to be the post-petition disbursement agent per the default assumption of the Code.

      i. While Debtor's mortgage lender Chase Mortgage has not yet filed a claim, Debtor's own estimate of delinquency indicates that Debtor is delinquent over 52 months of payments.

      ii. Despite not making mortgage payments for several years, Debtor has listed little to no assets in schedule B.

**7. Secured creditor(s) have not filed court proofs of claims.  The regular claims bar date will pass on 1/31/24.  If by that date the creditors do not file proofs of claims, Debtor will need to file proofs of claims on the creditors' behalf or the creditors may not be paid thru the plan.**

4

For the reasons stated forth above, if the issues are not addressed Trustee requests that confirmation of the chapter 13 plan be denied and the case be dismissed for failure to confirm a chapter 13 plan.  Dismissal is in the best interests of creditors.  Trustee is unaware that there exists any grounds for conversion of this case to any other chapter of bankruptcy.

Dated: January 11, 2024             /s/ Jay K. Chien
                                    Staff attorney for
                                    Amrane Cohen, Chapter 13 Trustee

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 11, 2024             /s/ Jay K. Chien
                                    Jay K. Chien

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/11/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen efile@ch13ac.com
US Trustee ustpregion.16.sa@usdoj.gov
Rex Tran rtran@tranbankruptcylaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **1/11/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Sardar Irtiza Mahmood
836 S Magnolia Ave
Anaheim, CA 92804

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Mark D Houle

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/11/2024 | Reyna Patrick | /s/ Reyna Patrick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                        **F 9013-3.1.PROOF.SERVICE**